

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-25-00168-CR

---

**RICHARD GALVON ORDAZ, JR., APPELLANT**

**V.**

**THE STATE OF TEXAS, APPELLEE**

---

On Appeal from the 100th District Court
Collingsworth County, Texas
Trial Court No. 3116, Honorable Dale A. Rabe, Jr., Presiding

---

July 21, 2026

## MEMORANDUM OPINION

Before DOSS and YARBROUGH and PRATT, JJ.

Appellant, Richard Galvon Ordaz, Jr., appeals from the trial court's judgment adjudicating him guilty of the state jail felony offense of possession of a controlled substance,[1] and sentencing him to twenty-three months of confinement in the Texas Department of Criminal Justice. In a single issue, Appellant contends the trial court abused its discretion in finding that he violated the conditions of his deferred adjudication

---

[1] *See* TEX. HEALTH & SAFETY CODE § 481.115.

community supervision. Because the evidence supports the trial court's finding that Appellant failed to remain at his court-ordered residential treatment facility until satisfactorily discharged, we affirm.

**BACKGROUND**

On June 8, 2023, Appellant pleaded guilty to possession of a controlled substance in an amount of less than one gram. The trial court deferred a finding of guilt and placed him on community supervision for three years. Condition 18 required Appellant to submit to a drug or alcohol evaluation and to attend, participate in, and successfully complete any educational, counseling, or rehabilitative services deemed necessary by the Community Supervision Officer.

After Appellant experienced continued substance-abuse issues on supervision, the trial court signed a supplemental order on October 24, 2024, adding a residential-treatment condition. Condition 33 required Appellant to reside at the Concho Valley Community Corrections Facility (CRTC) in San Angelo, remain there until satisfactorily discharged by the facility director, participate in all appropriate programs, obey all facility rules and regulations, and not voluntarily terminate participation or depart from the facility without written permission.

The State later moved to adjudicate guilt, alleging Appellant violated Condition 18 by failing to complete required services and violated Condition 33 by being unsuccessfully discharged from CRTC. Appellant pleaded not true to both allegations.

At the contested hearing on May 13, 2025, the State introduced the deferred adjudication order, the original conditions, and the supplemental order. Becky Fuller,

Director of the 100th Judicial District Probation Department, testified that CRTC was ordered as a treatment option after Appellant's substance-abuse issues arose during supervision. Fuller read into the record, without objection, the CRTC discharge summary.

According to the summary, Appellant was admitted to the Roy K. Robb Men's Community Corrections Facility[2] on December 31, 2024. His behavior deteriorated within days. He was written up for continuing to make loud noises after repeated staff redirection. He spoke of suicidal thoughts. His roommate reported him flushing items down the toilet and attempting to fashion weapons from batteries, pens, soap tied in socks, and razor blades removed from razors. Staff later found towels tied together, Appellant's lanyard and ID discarded in a corner, and batteries removed from a clock. When staff moved him to a monitored classroom, Appellant banged on table legs, shook chair legs to test whether they were loose, hit his hand against a chair, and picked at scabs on his knuckles until they bled. He complained the facility was trying to infect him with dirty earphones and that over-the-counter medication was intended to sterilize him and cause him to pass out. Staff once found him awake at approximately 2:30 a.m., appearing agitated, unstable, unable to focus, and lacking comprehension. The summary recommended that Appellant be unsuccessfully discharged because of his unstable and erratic behavior.

Christine Lara, the assistant facility director at CRTC, corroborated Fuller's account. She testified that CRTC has a minimum stay of six months and a maximum stay of twenty-four months. Appellant was officially discharged unsuccessfully on January 14,

---

[2] Roy K. Robb is the men's facility within the Concho Valley Community Corrections Facility.

3

2025, approximately fifteen days after admission, because his erratic behavior and instability made the facility unsafe for staff and other residents. Other residents did not want to be housed with him. Staff had to remove batteries from clocks to prevent misuse. CRTC, a no-contact facility for nonviolent offenders, could not safely retain him.

Appellant testified at the hearing. He acknowledged he has a loud voice. He testified that he removed a battery from a clock while trying to obtain help for a painful tooth, and that he believed a staff member had asked him to identify dangerous items or safety problems within the building, including ways residents might make weapons. Soap tied in a sock, he explained, was used to deal with odor rather than as a weapon. He testified he had spent more than ten days in jail before entering CRTC and was detoxing from alcohol. Defense counsel argued Appellant's paranoid and erratic behavior reflected detox rather than willful noncompliance.

The trial court found both alleged violations true, adjudicated Appellant guilty, and sentenced him as noted above.

#### ANALYSIS

A trial court's decision to proceed to adjudication after a violation of deferred adjudication community supervision is reviewed in the same manner as a revocation of ordinary community supervision. TEX. CODE CRIM. PROC. art. 42A.108(b). We review that decision for abuse of discretion. *Hacker v. State*, 389 S.W.3d 860, 865 (Tex. Crim. App. 2013); *Gray v. State*, No. 07-24-00385-CR, 2025 Tex. App. LEXIS 5581, at *3 (Tex. App.—Amarillo July 30, 2025, pet. filed).

4

The State must prove a violation by a preponderance of the evidence, meaning the greater weight of the credible evidence must create a reasonable belief that the defendant violated a condition of supervision. *Rickels v. State*, 202 S.W.3d 759, 763–64 (Tex. Crim. App. 2006); *Dominguez v. State*, No. 07-24-00106-CR, 2025 Tex. App. LEXIS 1174, at *4 (Tex. App.—Amarillo Feb. 25, 2025, no pet.). We view the evidence in the light most favorable to the trial court's ruling and defer to the court's resolution of evidentiary conflicts and credibility determinations. *Hacker*, 389 S.W.3d at 865; *Miles v. State*, 343 S.W.3d 908, 912 (Tex. App.—Fort Worth 2011, no pet.). Proof of a single violation supports adjudication. *Garcia v. State*, 387 S.W.3d 20, 26 (Tex. Crim. App. 2012).

Because proof of a single violation supports adjudication, our analysis begins and ends with Condition 33. *See Garcia*, 387 S.W.3d at 26.

Appellant's central contention is that he did not voluntarily leave CRTC and therefore did not violate Condition 33. That argument misreads the condition. Condition 33 did more than prohibit voluntary departure. It imposed several distinct obligations: to reside at CRTC, to remain there until satisfactorily discharged by the facility director, to participate in all appropriate programs, and to obey all facility rules and regulations. The prohibition against voluntary termination was an additional requirement, not a substitute for the others. Being removed for documented misconduct and safety concerns is the opposite of a satisfactory discharge.

The evidence supports the trial court's finding that Appellant did not remain at CRTC until satisfactorily discharged. Lara testified that the program requires a minimum

5

stay of six months, but that Appellant was unsuccessfully officially discharged after approximately fifteen days because his erratic behavior and instability made the facility unsafe for staff and other residents. The discharge summary, admitted without objection, documented specific noncompliance with facility rules within Appellant's first week: repeated loud disturbances after redirection, socks tied with soap inside, razor blades removed from razors, batteries taken from clocks, banging on furniture, and disruptive conduct at 2:30 a.m. Whether characterized under the "remain until satisfactorily discharged" clause or the "obey all rules and regulations" clause, this evidence was sufficient to find that Appellant's discharge violated the conditions of his deferred adjudication community supervision.

Appellant offered explanations for his conduct, such as claiming that some concerns were misunderstandings, that a staff member had asked him to identify dangerous items, that he was in dental pain, and that he was detoxing from alcohol. This testimony was evidence for the trial court to consider, but it did not compel a contrary finding. The trial court, as factfinder and sole judge of credibility, was entitled to weigh Appellant's explanations against the testimony of Fuller and Lara and the contemporaneous documentation from the facility. *See Miles*, 343 S.W.3d at 912. Our question is not whether the record could have supported a more lenient ruling. It is whether the trial court's finding, under the preponderance standard, lay outside the zone of reasonable disagreement. On this record, it did not.

Appellant further suggests his conduct may have stemmed from an untreated mental-health issue or from withdrawal; he questions whether the facility, his attorney, or

6

the trial court adequately considered his competence.[3]  The mental health issue is a mitigating factor that the trial court could consider.  *Guillory v. State*, 652 S.W.3d 499, 506 (Tex. App.—Houston [14th Dist.] 2022, no pet.).  The facility's contemporaneous documentation attributed Appellant's discharge to rule violations and unsafe conduct rather than to any medical inability to participate.  The trial court was entitled to credit that assessment.  Because the trial court weighs the evidence and credibility of the witnesses, we cannot find an abuse of discretion in the trial court adjudicating guilt and sentencing Appellant.  *Hacker*, 389 S.W.3d at 865.

Our resolution of Condition 33 pretermits consideration of whether the record independently supports the trial court's finding on Condition 18.  *See* TEX. R. APP. P. 47.1; *Garcia*, 387 S.W.3d at 26.

We overrule Appellant's sole issue.

### CONCLUSION

Having overruled Appellant's issue, we affirm the trial court's judgment.

Lawrence M. Doss
Justice

Do not publish.

---

[3] Appellant offers no citation or analysis on competence, leaving us to interpret his argument as pertaining to whether his mental health issues required treatment for him to succeed at the facility.  To the extent he challenges his competence at the hearing, no inquiry was required.  A defendant is presumed competent, nothing before sentencing rebutted that presumption, the record shows Appellant communicated with counsel and understood the proceedings, and mental illness alone does not render one incompetent.  *See* TEX. CODE CRIM. PROC. arts. 46B.003, 46B.004; *Turner v. State*, 422 S.W.3d 676, 691 (Tex. Crim. App. 2013); *Rojas v. State*, 228 S.W.3d 770, 773 (Tex. App.—Amarillo 2007, no pet.).